**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| James William McKinney, Jr., | ) | |
| | ) | Civil Action No.: 0:18-cv-00866-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Warden, *Perry Correctional Institution*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on November 16, 2018. (ECF No. 23.) The Report recommends that the court grant Defendant Warden's ("Defendant") Motion for Summary Judgment (ECF No. 8) and deny Plaintiff James William McKinney, Jr.'s ("Plaintiff") Petition for a Writ of Habeas Corpus (ECF No. 1). (*Id.* at 12.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 23) and incorporates it herein, **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 8), and **DENIES** Plaintiff's Petition for a Writ of Habeas Corpus (ECF No. 1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 23.) As brief background, Plaintiff was found guilty of the following state crimes, in 2001, by a jury: armed robbery and possession of a weapon during the commission of a violent crime ("PWDCVC"); assault and battery of a high and aggravated nature; first-degree burglary and PWDCVC; and kidnapping and PWDCVC. (*Id.* at 2.) The Spartanburg County Court of General Sessions sentenced Plaintiff to an aggregate sentence of life

and ninety-five years of imprisonment. (*Id.*) Plaintiff directly appealed his case to the South Carolina Court of Appeals, and the South Carolina Court of Appeals affirmed both Plaintiffs' conviction and sentence on January 8, 2003. (*Id.*) Subsequently, Plaintiff filed a Petition for Rehearing (ECF No. 9-1 at 420–21), and the South Carolina Court of Appeals denied that request on March 20, 2003. (ECF No. 9-1 at 423.) Plaintiff did not appeal to the South Carolina Supreme Court. (ECF No. 23 at 6 n.3.)

After exhausting his direct appeals, Plaintiff filed an application for post-conviction relief ("PCR") on May 16, 2003, and his application was denied and dismissed with prejudice on June 10, 2005. (*Id.* at 424–28; ECF No. 9-4 at 22–34.) Plaintiff filed a Petition for a Writ of Certiorari, which was denied by the South Carolina Court of Appeals on August 29, 2007. (ECF No. 9-4 at 35–40, 54.) Consequently, a remittitur was issued by the South Carolina Court of Appeals on September 14, 2007, and filed with the Spartanburg County Clerk of Court on September 17, 2007. (*Id.* at 55.) On December 16, 2013, Plaintiff filed an Application for Forensic DNA Testing in the Spartanburg County Court of General Sessions. (*Id.* at 56–59.) The circuit court denied Plaintiff's Application for Forensic DNA Testing and dismissed it with prejudice. (*Id.* at 121.) In regard to his application, Plaintiff filed a Petition for a Writ of Certiorari to the South Carolina Court of Appeals on December 16, 2016. (ECF No. 9-5.) The South Carolina Court of Appeals denied Plaintiff's Petition for a Writ of Certiorari on October 10, 2017. (ECF No. 9-7.) A remittitur was issued by the South Carolina Court of Appeals on October 26, 2017, and filed with the Spartanburg County Clerk of Court on October 30, 2017. (ECF No. 9-8.)

Plaintiff, proceeding *pro se*, filed his Petition for a Writ of Habeas Corpus ("Petition") in the United States District Court for the District of South Carolina on March 29, 2018. (ECF No. 1-2.) In his Petition, Plaintiff only brings one ground for relief. (ECF No. 1 at 5.) Plaintiff

specifically contends that "[f]alse and misleading D.N.A. evidence and testimony" was "presented at [his] trial." (*Id.*) Specifically, Plaintiff attributes the evidence and testimony to a forensic analyst with the South Carolina Law Enforcement Division ("SLED"). (*Id.*) On May 23, 2018, Defendant argued that Plaintiff's Petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). (ECF No. 9 at 20–23.) Because of Plaintiff's untimeliness under AEDPA, Defendant requests the court to enter summary judgment in his favor and summarily dismiss Plaintiff's Petition. (*Id.*) In addition, Defendant emphasized that Plaintiff's ground is not cognizable, which further warrants dismissal. (*Id.* at 23–26.) The Magistrate Judge issued a *Roseboro* order on May 24, 2018, a day after Defendant filed his Motion for Summary Judgment.[1] (ECF No. 10.)

The Magistrate Judge issued her Report on November 16, 2018. (ECF No. 23.) In an extremely thorough and well-reasoned analysis, the Magistrate Judge determined that Plaintiff's Petition is untimely because it is "nine years after the expiration of the statute of limitations" prescribed by AEDPA. (*Id.* at 7.) The Magistrate Judge also reasoned that two of Plaintiff's arguments were without merit. First, the Magistrate Judge concluded that Plaintiff's DNA application did not toll the statute of limitations because it was filed long after the statute of limitations already expired under 28 U.S.C. § 2244(d)(1). (*Id.* at 7–8.) Secondly, the Magistrate Judge held that Plaintiff "failed to demonstrate" that he is entitled to an equitable tolling of the statute of limitations because he failed to identify "extraordinary circumstances" warranting an equitable tolling and did not present any evidence showing that it is "more likely than not that no reasonable juror would have convicted him in light of new evidence." (*Id.* at 10–12.) The

---

[1] A *Roseboro* order requires district courts to provide an explanation of summary judgment procedures in habeas corpus cases. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

Magistrate Judge informed both parties of their rights to file specific objections to her Report. (*Id.* at 13.)

Plaintiff timely objected to the Magistrate Judge's Report on November 23, 2018.[2] (ECF No. 25-2 at 1.) Plaintiff presents two objections to the Magistrate Judge's Report. (ECF No. 25 at 2–3.) First, Plaintiff argues that his "appeal was not final" because additional DNA testing was never conducted, as required by a state court judge, and his application must be construed as part of a collateral proceeding because it "didn't exist until April [2009]." (*Id.* at 2.) Plaintiff seems to argue that the denial of the application constitutes "extraordinary circumstances" and opines that his case is similar to *In re W. Va. State Police Crime Lab*, 438 S.E.2d 501 (1993). (*See id.* at 2–3.) Second, Plaintiff requests the court to order "a complete, independent forensic DNA analysis in the interest of justice because a reliable DNA analysis is still outstanding." (*Id.* at 3.) Defendant replied to Plaintiff's contentions, largely emphasizing that Plaintiff has failed to explain why his application was seven years after his PCR proceedings or the reason for delaying the instant Petition. (ECF No. 26 at 1–2.) Plaintiff did not respond to Defendant's replies.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of

---

[2] The envelope containing Plaintiff's Objections indicates, by stamp, that it was delivered to prison officials on November 23, 2018. (ECF No. 25-2 at 1.) As such, pursuant to *Houston* and for purposes of the prison mailbox rule, Plaintiff's Objections were filed on November 23, 2018. *See Houston*, 487 U.S. at 275.

those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *See also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

Plaintiff presents two possible objections to the Magistrate Judge's Report. (ECF No. 26 at 2–3.) First, Plaintiff contends that his appeal was not final because certain DNA tests were never conducted, and his DNA application must be considered a collateral proceeding. (ECF No. 25 at

2.) Second, Plaintiff requests the court to order "a complete, independent forensic DNA analysis in the interest of justice because a reliable DNA analysis is still outstanding." (*Id.* at 3.) Plaintiff's first objection is overruled and without merit, while his request for a DNA analysis is not a specific objection for purposes of reviewing the Magistrate Judge's Report and is likewise overruled.

A. <u>AEDPA's Statute of Limitations and Equitable Tolling</u>

AEDPA provides that a "[one]-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a [s]tate court." 28 U.S.C. § 2244(d)(1). Generally, the limitation period begins to run from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). AEDPA's period of limitations is not jurisdictional, but is rather a defense, which subjects it to equitable tolling in "appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010).

Here, the Report accurately notes that Plaintiff's conviction became final on April 21, 2003, which was the "expiration of time" for Plaintiff to have sought additional review of the South Carolina Court of Appeals' decision affirming his conviction and sentence. (ECF No. 23 at 5–6.) Plaintiff did not seek additional review by the South Carolina Supreme Court. (*Id.* at 6 n.3.) When Plaintiff filed his PCR application on May 16, 2003, he had already accrued twenty-four (24) days under the statute of limitations, but tolled the period of limitations when he filed the application. (*Id.* at 6.) *See generally Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000) ("[T]he running of the period is suspended for the period when state post-conviction proceedings are *pending* in any state court."); *Taylor v. Lee*, 186 F.3d 325, 561 (4th Cir. 1999) (holding that a state post-conviction proceeding begins upon the initial filing). Therefore, Plaintiff had three hundred forty-one (341) days left to file his Petition when the clock recommenced on September

14, 2007, the date on which the South Carolina Court of Appeals issued a remittitur denying Plaintiff's Petition for a Writ of Certiorari. (ECF No. 9-4 at 55.) As such, Plaintiff had until August 20, 2008, to file his Petition, which was not done here because Plaintiff filed the instant Petition in 2018. (*See* ECF No. 1-2 at 1; ECF No. 23 at 7.) Plaintiff maintains that his Application for Forensic DNA Testing "must be construed as part of the collateral proceeding" and further toll AEDPA's statute of limitations. (ECF No. 25 at 2.) However, as accurately noted by the Report, Plaintiff had until August 20, 2008, to timely file his Petition under AEDPA's framework, and his DNA application was not filed until December 2013. (ECF No. 23 at 7–8.) Therefore, it is impossible that his DNA application could have tolled the period of limitations because the period of limitations had already expired years earlier. (*Id.* at 8.) For these reasons, Plaintiff's objection is without merit and overruled.

In passing, Plaintiff seems to argue that the denial of his application constitutes "extraordinary circumstances" and opines that his case is similar to *In re W. Va. State Police Crime Lab*, 438 S.E.2d 501 (1993). (ECF No. 25 at 2–3.) Equitable tolling is only permitted if a plaintiff can demonstrate that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). *See also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). First, "[d]ue diligence does not require 'the maximum feasible diligence,' but it does require reasonable diligence in the circumstances." *Gray v. Ballard*, 848 F.3d 318, 322 (4th Cir. 2017) (quoting *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004)). Plaintiff cannot show that he exercised due diligence because he waited almost ten (10) years after his conviction to file his recent DNA application in state court (ECF No. 9-4 at 56–59). *See id.* at 323 (rejecting an argument that a claimant exercised due diligence when he raised issues with DNA testing years after his trial

because "a prisoner still must exercise due diligence himself"). As such, Plaintiff has failed to pursue his rights diligently. Second, upon review of Plaintiff's Objections, he has not shown that an "extraordinary circumstance" prevented him from timely filing his Petition. (ECF No. 25 at 2–3.) Plaintiff is required to demonstrate "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse*, 339 F.3d at 246. As opposed to satisfying this standard, Plaintiff only states that "the interest of justice" requires a "reliable DNA analysis," and "justice requires that there be checks and balances in any system or process." (*Id.* at 3.) Upon review of Plaintiff's Objections, he does not identify any event "beyond his control or external to his own conduct" that prevented him from timely filing his Petition. (*See id.* at 2-3.) Therefore, Plaintiff fails to articulate or prove that an "extraordinary circumstance" caused him to file his Petition over ten (10) years after the expiration of AEDPA's statute of limitations. (*See id.* at 2–3.) Lastly, *In re W. Va. State Police Crime Lab* concerned *false testimony* in the context of a guilty plea and whether the guilty plea needed to be set aside. 438 S.E.2d at 507. Moreover, the West Virginia Supreme Court of Appeals had evidence of an individual's "long history of falsifying evidence in criminal prosecutions" and did not address any issues in regard to a period of limitations. *See id.* at 503. As such, *In re W. Va. State Police Crime Lab* is dramatically different from the case at hand, and there has been no indication of deliberately false testimony on the part of SLED, and Plaintiff does not suggest any intentional falsification of evidence, which could possibly warrant an "exceptional circumstance." (*See* ECF No. 25 at 2–3.) Plaintiff's objection is overruled as it relates to any equitable tolling of AEDPA's statute of limitations.

B. Plaintiff's Request for a DNA Analysis

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's

report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (citation and quotations marks omitted)).

Plaintiff requests the court to order "a complete, independent forensic DNA analysis in the interest of justice because a reliable DNA analysis is still outstanding." (ECF No. 25 at 3.) This is not an objection for purposes of reviewing the Magistrate Judge's Report because it does not show any disagreement with the period of limitations issue. (*Compare* ECF No. 23 at 7–12, *with* ECF No. 25 at 2–3.) Nor does it dispute the Magistrate Judge's assessment of the evidence at trial. (*Compare* ECF No. 23 at 7–12, *with* ECF No. 25 at 2–3.) Essentially, it is not a specific objection that allows the court to review the Report and find an issue needing resolution. *Midgette*, 478 F.3d at 621. Indeed, Plaintiff's request, which seems to take issue with the DNA findings at his trial, was before the Magistrate Judge. (*Compare* ECF No. 20 at 10, *with* ECF No. 25 at 3.) The court does not have an obligation to hear Plaintiff's rehashed argument and/or request. *See Orpiano*, 687 F.2d at 47. Upon review of the Magistrate Judge's Report, the court concludes that the Report thoroughly addresses Plaintiff's argument regarding the DNA evidence that was presented against him. (ECF No. 23 at 9–12.) Because Plaintiff's argument was already before the Magistrate Judge,

is thoroughly addressed by the Report, and is simply a rehashed argument, the court overrules Plaintiff's objection and/or request. *Midgette*, 478 F.3d at 621; *Aldrich*, 327 F. Supp. 2d at 747.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 23) and incorporates it herein. The court **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 8) and **DENIES** Plaintiff's Petition for a Writ of Habeas Corpus (ECF No. 1).

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 12, 2019
Columbia, South Carolina